# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL WILLIS SCHEIRHOLT,
Appellant,
vs.
AMANDA GANGWISH,
Respondent.

No. 73024

FILED

OCT 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to modify child custody. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Daniel Willis Scheirholt and respondent Amanda Gangwish are the parents of a minor child, Chayson. Gangwish has primary physical custody and Scheirholt has visitation rights. Scheirholt filed a motion to modify child custody, seeking to obtain joint physical custody over Chayson. The district court denied his motion, finding that he had failed to establish a substantial change in circumstances affecting the child's welfare sufficient to warrant a modification. Scheirholt appeals the denial, arguing that (1) the district court abused its discretion when it found that he had not shown a substantial change in circumstances, and (2) the district court erred when it failed to enter adequate factual findings about the best interests of the child.[1] We agree that the district court erred when

---

[1]Scheirholt additionally argues that the 2015 changes to the child custody statutes render the existing caselaw obsolete. However, Scheirholt has waived this argument since he never raised it in the district court. *See*

18-40741

it failed to make factual findings on the record about both Scheirholt's change of circumstances, or lack thereof, and Chayson's best interest.

*The district court erred when it determined that there was no change of circumstance without describing the change of circumstances, or lack thereof, and when it made no findings regarding the child's best interests*

Scheirholt argues that the district court abused its discretion when it failed to make any factual findings regarding his change of circumstances and Chayson's best interests. Scheirholt points out that custody determinations require specific factual findings grounded in legal reasoning, and that the district court should have analyzed the factors set forth in NRS 125C.003(1) and NRS 125C.0035(4) to determine the best interests of the child. He further argues that review of the record supports a substantial change in circumstances and that the district court erred when it did not describe these circumstances in its order.

"Specific findings and an adequate explanation of the reasons for the custody determination are crucial to enforce or modify a custody order and for appellate review. Without them, this court cannot say with assurance that the custody determination was made for appropriate legal reasons." *Davis v. Ewalefo*, 131 Nev. 445, 452, 352 P.3d 1139, 1143 (2015) (internal quotation marks and citation omitted). "[A] modification of primary physical custody is warranted only when (1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification." *Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007). "Under this revised test, the

*Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

 

party seeking a modification of custody bears the burden of satisfying both prongs." *Id.* at 150-51, 161 P.3d 242-43.

The substantial change requirement "is based on the principle of res judicata" and is meant to prevent parties who are unsatisfied with their custody decree from bringing "immediate, repetitive, serial motions until the right circumstances or the right judge allows them to achieve a different result, based on essentially the same facts." *Id.* at 151, 161 P.3d at 243 (internal quotation marks omitted). "In determining whether the facts warrant a custody modification, courts should not take the 'changed circumstances' prong lightly." *Id.*

Here, both parties recognize that the district court's order failed to meet the requirements of *Edwalfo* and *Ellis*—requiring that a district court make both adequate factual findings about the circumstances of a parent and describe how those findings interact with the best interest of the child. Regarding the change in circumstances, the order simply says that the "[f]ather has failed to meet his burden to demonstrate a material change of circumstance[s]." Since the governing custody order, Scheirholt has mended his relationship with Gangwish, graduated from college, obtained a work promotion with a better schedule, and moved closer to Chayson. The district court should have, at a minimum, addressed these changes in Scheirholt's circumstances and explained why they were inadequate.

Similarly, the district court failed to make adequate findings about the best interest of the child, stating in part: "Why would I change everything in this case if everything is positive and been good and he's doing well? I know you want more time but if things are good and the communication has been good and everything - - trust me, this is unusual." The district court also stated "[a]gain, you two are doing good in the primary

SUPREME COURT
OF
NEVADA

(O) 1947A

3

thrust that I thought . . . how well the child is doing, he's doing very well in respect to that. So I'm not going to change anything based on that." While these comments do show that the court considered how a potential modification would affect Chayson, they are not specific findings on the "best interest" factors listed in NRS 125C.003(1) and NRS 125C.0035(4). The district court should have first determined why Schierholt's conduct has not established a substantial change in circumstances affecting the child's welfare and, second, it should have determined whether Chayson's best interest was served by a custody modification.

Accordingly, for the reasons set forth above, we ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. James Todd Russell, District Judge
      Shawn B. Meador, Settlement Judge
      Barber Law Group, Inc.
      Springel & Fink, LLP
      Barbara Buckely
      Snell & Wilmer, LLP/Las Vegas
      Anne R. Traum
      Carson City Clerk